IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>    Plaintiff,<br><br>vs.<br><br>BENJAMIN C. SMITH<br><br>    Defendant, | CV 21-67-H-BMM-KLD<br><br>FINDINGS &<br>RECOMMENDATION |

On September 13, 2021, pro se Plaintiff Stephen P. Kelly filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a) and lodged a Complaint against Defendant Benjamin C. Smith. (Doc. 2). On September 22, 2021, the Court issued an order giving Kelly until October 13, 2021, within which to file an Amended Complaint adequately alleging the amount in controversy as required to establish diversity subject matter jurisdiction. (Doc. 4). On September 30, 2021, Kelly filed a response, which the Court construes as an addendum to the Complaint. (Doc. 6). Liberally construing the allegations in the Complaint and addendum, the Court gives Kelly the benefit of the doubt and finds he has adequately alleged diversity subject matter jurisdiction. Accordingly, the Court will now consider Kelly's motion to proceed in forma pauperis.

1

## I.  Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On December 14, 2020, Kelly completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.  Screening Requirement

Because Kelly is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-

78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake*

*Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## II. Kelly's Allegations

Kelly alleges that in July 2021, he moved out of Defendant Benjamin Smith's residence after the two of them got into an argument. (Doc. 2, at 5). Kelly claims that Smith then filed a "malicious," "false," and "frivolous" police report with the City of Helena Police Department falsely accusing Kelly of stealing two guitars from Smith, when Smith had in fact given the guitars to Kelly. (Doc. 2, at 4-5). Kelly further alleges that Smith has a severe case of Alzheimer's and dementia, which severely affects his memory. (Doc. 2, at 5). Kelly states that he was "campaigning for the office of state senate" at the time and alleges that Smith's "written police affidavit" damaged his reputation with the City of Helena (Doc. 6, at 4). Kelly asserts what the Court construes as claims for defamation, libel, and slander under Montana law, and requests emotional distress damages and punitive damages. (Doc. 2, at 6-9).

## III. Analysis

Under Montana law, "[d]efamation is effected by either libel or slander." *Lee v. Traxler*, 384 P.3d 82, 86 (Mont. 2016). "Slanderous words are spoken, whereas libelous words are written." *Tindall v. Konitz Contracting Inc.*, 783 P.2d

4

1376, 1382 (Mont. 1989). Libel is defined by statute as "a false and unprivileged publication by writing…that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Mont. Code Ann. § 27-1-802. Slander, in turn, is defined as follows:

> Slander is a false and unprivileged publication other than libel that:
>
> (1) charges any person with crime or with having been indicted, convicted, or punished for crime;
>
> (2) imputes in a person the present existence of an infectious, contagious, or loathsome disease;
>
> (3) tends directly to injure a person in respect to the person's office, profession, trade, or business…;
>
> (4) imputes to a person impotence or want of chastity; or
>
> (5) by natural consequence causes actual damage.

Mont. Code Ann. § 27-1-803.

The test for defamation is a stringent one. *McKonkey v. Flathead Electric Co-op*, 125 P.3d 1211, 1229 (Mont. 2005). When a plaintiff is a public figure, he must demonstrate that the defamatory statement was made with actual malice. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). When a plaintiff is a private individual, however, a majority of states have followed the United States Supreme Court's decision in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1974)

5

and held that the plaintiff need only prove that the defamatory statement was made with negligence. See *Spreadbury v. Bitterroot Public Library*, 2011 WL 7462038, at *10 (D. Mont. Nov. 30, 2011). Consistent with the majority of states, the Montana Supreme Court has indicated that negligence is the appropriate standard of liability for a defamation claim by a private plaintiff. *Spreadbury*, 2011 WL 7462038, at **7, 10 (citing *Madison v. Younker*, 589 P.2d 126, 132033 (Mont. 1978).

Taking the allegations in the addendum to Kelly's Complaint as true, Kelly may be considered a public figure by virtue of the fact that he was "campaigning for the office of state senate" (Doc. 6, at 4) when Smith filed the allegedly defamatory police report. But even assuming Kelly is private individual and need only allege facts demonstrating that Smith acted negligently, he has not alleged a plausible claim for relief.

Kelly's Complaint must meet the minimum pleading standard that applies in federal court. See Fed. R. Civ. P. 8(a)(2). The United States Supreme Court explains this requirement:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility

> that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Here, Kelly has alleged completely contradictory facts relating to Smith's mental state. On the one hand, Kelly accuses Smith of acting maliciously and with "clear intent" to cause him damage by filing a false police report. (Doc. 2, at 5, 7). On the other hand, Kelly asserts that Smith has "a severe case of, (a) Alzheimer's, and (b) Dementia, severely affecting his quality memory." (Doc. 2, at 5). Taking Kelly's allegation that Smith suffers from severe Alzheimer's and dementia as true, he not alleged facts demonstrating that Smith knew or reasonably should have known that he was filing a false police report, as would be necessary to find him liable for defamation. See e.g. *Jadwin v. Minneapolis & Tribune Co.*, 367 N.W.2d 476, 491 (Minn. 1985) (applying a negligence standard to a defamation claim involving private individuals, and recognizing that a plaintiff "may recover actual damages for a defamatory publication upon proof that the defendant knew or in the exercise of reasonable care should have known that the defamatory statement was false.") Given Kelly's contradictory factual allegations regarding Smith's mental state, the Court cannot draw the reasonable inference that Smith is liable for

7

defamation. Under a common sense reading of the Complaint, Kelly has not pled a facially plausible claim for defamation under Montana law.

To state a defamation claim, Kelly would have to allege facts regarding Kelly's mental capacity that are different from the ones he has already alleged, not merely additional facts. Amendment would be futile. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Kelley's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on September 13, 2021.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.  Kelly's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.  The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Kelly may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

**Kelly must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.**

DATED this 8th day of December, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge